# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v McKEWEN

Docket No. 158869. Argued October 10, 2024 (Calendar No. 1). Decided December 26, 2024.

Benjamin K. McKewen was convicted following a jury trial in the Isabella Circuit Court of assault with intent to do great bodily harm (AWIGBH), MCL 750.84(1)(a), and felonious assault, MCL 750.82(1). During an altercation at a party, defendant pushed the victim in the chest and the victim's chest began to bleed. Although no one saw defendant with a knife, the victim's treating physicians concluded that the victim had been stabbed. The trial court, Paul H. Chamberlain, J., sentenced defendant to concurrent terms of 5 to 10 years in prison for AWIGBH and 2 to 4 years for felonious assault. Defendant appealed, and the Court of Appeals vacated his conviction of felonious assault on the basis that, in a case involving a single assault, judgments of conviction for both AWIGBH and felonious assault are inconsistent because the offenses are mutually exclusive. 326 Mich App 342 (2018). The prosecutor applied for leave to appeal in the Michigan Supreme Court, which granted the application. 513 Mich 933 (2023).

In an opinion by Justice ZAHRA, joined by Justices VIVIANO, BERNSTEIN, CAVANAGH, and WELCH, the Supreme Court *held*:

Defendant's convictions of both AWIGBH and felonious assault arising out of the same conduct did not violate double-jeopardy protections because the AWIGBH statute authorizes multiple punishments for the same conduct.

1. The elements of AWIGBH are (1) an assault with (2) a specific intent to do great bodily harm less than murder. The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. The wording of these statutes reflects conflicting intent requirements: AWIGBH requires that a person assault another "with intent to do great bodily harm, less than the crime of murder," while the felonious-assault statute requires that a person assault another with a dangerous weapon "without intending to commit murder or to inflict great bodily harm less than murder." The Court of Appeals granted relief to defendant on the basis that these conflicting intent requirements rendered the offenses mutually exclusive. Regardless of whether Michigan recognizes the mutually exclusive verdicts doctrine, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate defendant's felonious-assault conviction. The

jury in this case was instructed that to convict defendant of AWIGBH, it had to find that defendant acted with intent to do great bodily harm less than the crime of murder, but it was not instructed that it had to find that defendant acted without the intent to inflict great bodily harm with respect to felonious assault. Because the jury did not find that defendant acted without the intent to inflict great bodily harm, a guilty verdict for felonious assault was not mutually exclusive to defendant's guilty verdict for AWIGBH.

2. The Fifth Amendment of the United States Constitution and Const 1963, art 1, § 15, provide that no person shall be twice put in jeopardy for the same offense. The double-jeopardy prohibition protects individuals in three ways: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. The multiple-punishments strand of double jeopardy was at issue in this case. To determine whether the multiple-punishments prohibition is applicable, courts must examine whether the statutory language evinces a legislative intent with regard to the permissibility of multiple punishments. If the legislative intent is clear, courts are required to abide by this intent. When it is not clear, courts apply the abstract-legal-elements test, as this Court did in *People v Wafer*, 509 Mich 31 (2022). Under this test, when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. In *Wafer*, the Court applied this test in the context of the defendant's convictions of both second-degree murder and manslaughter and concluded that the Legislature's inclusion of the "but without malice" language in the manslaughter statute indicated that it clearly intended to prohibit multiple punishments for second-degree murder and statutory involuntary manslaughter. Noting that the language of the statutes was inconsistent, the Court held that absent "textual indications to the contrary," the conflicting intent requirements were a clear indication of the Legislature's intent to prevent multiple punishments for both offenses with respect to the same conduct. This case differed from *Wafer* in that the Legislature explicitly indicated its intent to permit multiple punishments in MCL 750.84(3) by stating that the section "does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct" as the violation of that section. Significantly, the phrase "arising out of the same conduct" is language that this Court traditionally has used when conducting a double-jeopardy analysis, which indicates that the Legislature specifically designed MCL 750.84(3) to inform the judiciary's application of double-jeopardy principles by allowing cumulative punishments that would otherwise have been unauthorized. Moreover, MCL 750.84(3) was added to the AWIGBH statute by 2012 PA 367, effective April 1, 2013, while the "negative element" language of the felonious-assault statute had been in place since its enactment in 1913. Thus, by including the expansive phrase "any other violation of the law" in MCL 750.84(3) while aware of the "without intent" language in MCL 750.82(1), it was evident that the Legislature intended to allow convictions for both offenses arising out of the same conduct.

Court of Appeals judgment reversed to the extent it addressed the mutually exclusive verdicts doctrine; defendant's conviction of felonious assault reinstated.

Chief Justice CLEMENT, joined by Justice BOLDEN, dissenting, disagreed that MCL 750.84(3) compelled the conclusion that multiple punishments for convictions of AWIGBH and

felonious assault arising out of the same conduct were authorized by the Legislature and opined that defendant's conviction for felonious assault should be vacated. When applying the multiple-punishments analysis and when reading the statute as a whole, the clear legislative intent was that defendant's convictions of both AWIGBH and felonious assault should be barred. As in *Wafer*, the conflicting intent language in these statutes showed that the Legislature did not intend to authorize cumulative punishments for these crimes. A defendant who was guilty of assault *with* the intent to do great bodily harm less than murder could not have simultaneously assaulted the same victim *without* the intent to inflict great bodily harm less than murder. A close examination of MCL 750.84(3) showed that this provision did not reveal a legislative intent to permit multiple punishments under these facts. MCL 750.84(3) provides only that the AWIGBH statute does not prohibit cumulative punishment, but here, the incompatible language of a different section—i.e., the felonious-assault statute—did prohibit defendant's cumulative punishments. While MCL 750.84(3) permits multiple punishments in some cases, it did not do so here because the conflicting intent language in the felonious-assault statute was dispositive. If the "without intending" language in MCL 750.82(1) did not bar cumulative punishments when a defendant was charged with both AWIGBH and felonious assault for the same conduct, this phrase would lack meaning.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED  December 26, 2024

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v                                           No. 158869

BENJAMIN KEITH McKEWEN,

       Defendant-Appellee.

---

BEFORE THE ENTIRE BENCH

ZAHRA, J.

The Michigan and United States Constitutions protect individuals from twice being placed in jeopardy for the same offense.[1]  In this case we must determine whether defendant's convictions for both assault with intent to do great bodily harm (AWIGBH)[2]

---

[1] Const 1963, art 1, § 15; US Const, Am V.

[2] MCL 750.84(1)(a).

and felonious assault[3] violate the constitutional double-jeopardy protection against multiple punishments for the same offense.[4] Defendant argues that his convictions violate double jeopardy because the offenses contain conflicting intent requirements, with the AWIGBH statute applying to an assault that is committed with "intent to do great bodily harm,"[5] and the felonious-assault statute applying to an assault that is committed "without intending to commit murder or to inflict great bodily harm less than murder . . . ."[6] Read in isolation, these conflicting intent requirements might generally signal a double-jeopardy violation. But the AWIGBH statute provides that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section."[7] This language is specifically designed to authorize multiple punishments like those at issue in this case. Felonious

---

[3] MCL 750.82(1).

[4] Amicus, the Prosecuting Attorneys Association of Michigan, argues that the multiple-punishment component of the state and federal Double Jeopardy Clauses does not exist apart from successive prosecutions. See *Hudson v United States*, 522 US 93; 118 S Ct 488; 139 L Ed 2d 450 (1997); *Dep't of Revenue of Montana v Kurth Ranch*, 511 US 767, 798; 114 S Ct 1937; 128 L Ed 2d 767 (1994) (Scalia, J., dissenting). Rather, amicus asserts, due process is the appropriate lens through which to consider whether multiple punishments are authorized by the Legislature. We decline to address this issue for the same reasons that we recently declined to address the issue in *People v Wafer*, 509 Mich 31, 38 n 1; 983 NW2d 315 (2022): Our precedents treat this case as a double-jeopardy case, "no one has asked us to overrule our precedent, and . . . [it] has not [been] shown that the choice of theory would affect the outcome here, as the case ultimately comes down to the Legislature's intent as framed by the text."

[5] MCL 750.84(1)(a).

[6] MCL 750.82(1).

[7] MCL 750.84(3).

assault constitutes "any other violation of law" arising out of the same conduct as that which led to defendant's AWIGBH conviction. We therefore hold that under the plain language of the pertinent offenses, defendant has not established a double-jeopardy violation.

Moreover, the Court of Appeals erred by vacating defendant's felonious-assault conviction on the basis that the verdicts are mutually exclusive. In convicting defendant of felonious assault, the jury never found that defendant acted without the intent to inflict great bodily harm; a guilty verdict for that offense was therefore not mutually exclusive to defendant's guilty verdict for AWIGBH, where the jury affirmatively found that defendant acted with intent to do great bodily harm.[8] Accordingly, we reverse that part of the judgment of the Court of Appeals that addressed the mutually exclusive verdicts doctrine, and we reinstate defendant's conviction of felonious assault.

## I. BASIC FACTS AND PROCEDURAL HISTORY

While at a birthday party, defendant got into a fight with the victim, Aristotle Zarkin. The fight began with yelling and pushing and ended when defendant pushed Zarkin in the chest with both hands, knocking him to the ground. Zarkin's chest immediately began to bleed. Although no one saw defendant with a knife, Zarkin's treating physicians concluded that Zarkin had been stabbed.

Defendant was convicted by a jury of AWIGBH and felonious assault. The trial court sentenced defendant to concurrent prison terms of 5 to 10 years for AWIGBH and to 2 to 4 years for felonious assault.

---

[8] See *People v Davis*, 503 Mich 984, 985 (2019) (*Davis II*).

Defendant appealed his convictions in the Court of Appeals. The panel vacated the felonious-assault conviction, relying on the Court of Appeals' 2017 decision in *People v Davis*[9] to hold that in a case involving a single assault, judgments of conviction for both AWIGBH and felonious assault arising from the same conduct are inconsistent because the convictions are mutually exclusive.[10] In his dissent, Judge GADOLA concluded that the convictions were not mutually exclusive,[11] relying on *People v Doss*.[12]

The prosecutor applied for leave to appeal in this Court, challenging the Court of Appeals' decision to vacate the felonious-assault conviction. We granted the application to consider "whether conviction for both assault with intent to do great bodily harm, MCL 750.84, and felonious assault, MCL 750.82, violates the constitutional double-jeopardy protection against multiple punishments for the same offense . . . ."[13]

---

[9] *People v Davis*, 320 Mich App 484; 905 NW2d 482 (2017) (*Davis I*), vacated in part 503 Mich 984 (2019).

[10] *People v McKewen*, 326 Mich App 342, 351-353; 926 NW2d 888 (2018).

[11] *Id*. at 358-361 (GADOLA, J., dissenting).

[12] *People v Doss*, 406 Mich 90; 276 NW2d 9 (1979).

[13] *People v McKewen*, 513 Mich 933 (2023).

4

## II. STANDARD OF REVIEW

This Court reviews de novo questions of law regarding statutory interpretation and the application of the state and federal Constitutions.[14]

## III. ANALYSIS

Defendant was charged with and convicted of AWIGBH pursuant to MCL 750.84, which provides in pertinent part as follows:

> (1) A person who does . . . the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:
>
> (a) Assaults another person with intent to do great bodily harm, less than the crime of murder.
>
> * * *
>
> (3) This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section.

The elements of AWIGBH are "(1) an assault, i.e. 'an attempt to offer with force and violence to do corporal hurt to another' coupled with (2) a specific intent to do great bodily harm less than murder."[15]

Defendant was also charged with and convicted of felonious assault pursuant to MCL 750.82(1) for the same conduct. That statute states, in pertinent part, as follows:

> Except as otherwise provided in this subsection or subsection (2), a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a

---

[14] *Wafer*, 509 Mich at 37.

[15] *People v Bailey*, 451 Mich 657, 668-669; 549 NW2d 325 (1996) (citation omitted).

5

felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.[16]

To convict a person of felonious assault, the prosecution must prove "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."[17]

The wording of these statutes reflects conflicting intent requirements, in that the crime of AWIGBH provides that a person who "[a]ssaults another person *with intent to do great bodily harm*, less than the crime of murder"[18] is guilty of a felony, and the crime of felonious assault provides that "a person who assaults another person with a . . . dangerous weapon *without intending to commit murder or to inflict great bodily harm* less than murder is guilty of a felony . . . ."[19] The Court of Appeals granted relief to defendant on the basis that these conflicting intent requirements rendered the judgments inconsistent and mutually exclusive. Specifically, the panel reasoned:

> In this case, the trial court did not instruct the jury "regarding the lack of intent to do great bodily harm necessary to meet the statutory definition of [felonious assault]" because it is a "negative element" that need not be found by a jury. [*Davis I*, 320 Mich App] at 494-495 (quotation marks and citation omitted). However, the trial court specifically instructed the jury that in order to convict defendant of AWIGBH, it had to find that he "intended to do great bodily harm." By convicting defendant on that charge, they made a finding—one we may not disturb—that defendant acted with the intent to do great bodily harm. But that finding is inconsistent with felonious assault as defined by MCL 750.82. We therefore conclude that the proper action for the trial court is to enter a judgment of conviction on the AWIGBH charge

---

[16] MCL 750.82(1).

[17] *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

[18] MCL 750.84(1)(a) (emphasis added).

[19] MCL 750.82(1) (emphasis added).

but not on the felonious-assault charge, even though the jury found defendant guilty of both.[20]

We reject this analysis for the same reasons that we did in our 2019 decision in *People v Davis*.[21] Just as in that case, regardless of whether Michigan recognizes the mutually exclusive verdicts doctrine, that issue is not presented here, and we once again decline to consider whether to adopt the doctrine. The jury in this case was instructed that to convict defendant of AWIGBH, it had to find that defendant acted "with intent to do great bodily harm, less than the crime of murder."[22] But the jury was not instructed that it must find that defendant acted without the intent to inflict great bodily harm with respect to felonious assault.[23] As in *Davis*, "[s]ince, with respect to the [felonious] assault conviction, the jury never found that defendant acted without the intent to inflict great bodily harm, a guilty verdict for that offense was not mutually exclusive to defendant's guilty verdict for AWIGBH, where the jury affirmatively found that defendant acted with intent to do great bodily harm."[24] Accordingly, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate defendant's felonious-assault conviction.

---

[20] *McKewen*, 326 Mich App at 353.

[21] *Davis II*, 503 Mich 984.

[22] MCL 750.84(1)(a); see M Crim JI 17.7.

[23] See MCL 750.82; *Doss*, 406 Mich at 99 ("While the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an actual element of the crime itself which the people must establish beyond a reasonable doubt.").

[24] *Davis II*, 503 Mich at 985.

The Court must now consider defendant's argument that his convictions of both AWIGBH and felonious assault for a single assaultive act violate the constitutional double-jeopardy protection against multiple punishments for the same offense.[25] The Court of Appeals briefly disposed of this issue,[26] noting that this Court had rejected the same argument in an order in *People v Strawther*[27] through application of the abstract-legal-elements test. The panel also relied on *People v Wilson*,[28] in which this Court held that "[t]he very application of the Double Jeopardy Clause necessarily requires more than one trial . . . ." We need not consider or apply *Strawther* or *Wilson* in the present case because we conclude that, under the plain language of the pertinent statutory offenses, defendant has not established a double-jeopardy violation.

The Fifth Amendment of the United States Constitution is analogous to the prohibition in Article 1, § 15 of Michigan's 1963 Constitution that "[n]o person shall be subject for the same offense to be twice put in jeopardy." This Court has explained that "[t]he prohibition against double jeopardy protects individuals in three ways: '(1) it protects against a second prosecution for the same offense after acquittal; (2) it protects

---

[25] It appears that defendant raised a double-jeopardy argument for the first time in the Court of Appeals. In finding no double-jeopardy violation, the Court of Appeals did not address whether the issue was preserved. Under the circumstances of this case, we need not consider the applicable standard of review or apply plain-error review to establish whether defendant is entitled to relief given our conclusion herein that defendant has not demonstrated an error.

[26] *McKewen*, 326 Mich App at 351-352.

[27] *People v Strawther*, 480 Mich 900 (2007).

[28] *People v Wilson*, 496 Mich 91, 102; 852 NW2d 134 (2014), abrogated on other grounds by *Bravo-Fernandez v United States*, 580 US 5; 137 S Ct 352; 196 L Ed 2d 242 (2016).

against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.' "[29] Because defendant was not subject to multiple prosecutions, the multiple-punishment strand of double jeopardy is at issue.

Under the multiple-punishments test set forth in *People v Miller*, courts must examine "whether the statutory language evinces a legislative intent with regard to the permissibility of multiple punishments."[30] "If the legislative intent is clear, courts are required to abide by this intent."[31] If the legislative intent is unclear, courts apply the abstract-legal-elements test as an aid to ascertaining the intent of the Legislature.[32] That test provides:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[33]

This Court applied the first part of this legal framework to offenses containing conflicting intent requirements in *People v Wafer* and concluded that the Legislature did

---

[29] *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015), quoting *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

[30] *Miller*, 498 Mich at 19.

[31] *Id*.

[32] *Id*.

[33] *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932). See also *People v Smith*, 478 Mich 292; 733 NW2d 351 (2007); *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008).

9

not authorize multiple punishments.[34]  In *Wafer*,[35] the defendant challenged his convictions of second-degree murder[36] and statutory involuntary manslaughter.[37]  The defendant emphasized the conflicting *mens rea* requirements,[38] noting that "malice" is an element of second-degree murder, whereas the involuntary-manslaughter statute specifies a lack of malice as follows:

> A person who wounds, maims, or injures another person by discharging a firearm that is pointed or aimed intentionally *but without malice* at another person is guilty of manslaughter if the wounds, maiming, or injuries result in death.[39]

In a unanimous opinion, this Court agreed with the defendant that the Legislature's inclusion of the "but without malice" language in the manslaughter statute indicated that it "clearly intended to prohibit multiple punishments for second-degree murder and statutory involuntary manslaughter."[40]  The Court explained that "[a]s a purely textual matter, . . . the language of the offenses is inconsistent, leading to the natural conclusion that the same person cannot be punished under both offenses for the same conduct."[41]  Consequently, in the absence of "textual indications to the contrary," the conflicting intent

---

[34] *Wafer*, 509 Mich 31.

[35] *Id*. at 34.

[36] MCL 750.317.

[37] MCL 750.329.

[38] *Wafer*, 509 Mich at 36.

[39] MCL 750.329(1) (emphasis added).

[40] *Wafer*, 509 Mich at 50.

[41] *Id*. at 42.

requirements "clearly indicate[] the Legislature's intent to prevent the prosecution from obtaining convictions and sentences for both with regard to the same conduct."[42] This Court therefore vacated the defendant's manslaughter conviction and remanded the case for resentencing.[43]

*Wafer*'s reasoning would be more persuasive in this case had the offenses at issue simply contained conflicting intent requirements with no other textual indication of a legislative intent either to permit or prohibit multiple punishments. But there is a key distinction between this case and *Wafer*. While the offenses at issue in this case contain conflicting intent requirements, the Legislature has nonetheless explicitly indicated its intent to permit multiple punishments for a single instance of assaultive conduct in MCL 750.84(3) of the AWIGBH statute. The operative language states as follows: "This section *does not prohibit* a person from being charged with, convicted of, or punished for any other violation of law *arising out of the same conduct as the violation of this section.*"[44] Through this language, the Legislature has clearly and explicitly expressed its intent that a person can be convicted and sentenced for both AWIGBH and another offense arising out of the same conduct.[45] Stated otherwise, MCL 750.84 does not provide for the exclusive

---

[42] *Id*. at 42, 48.

[43] *Id*. at 50-51.

[44] MCL 750.84(3) (emphasis added).

[45] This language in MCL 750.84(3) distinguishes this case from *People v Gardner*, ___ Mich ___ (December 26, 2024) (Docket No. 163124), in which this Court applied *Wafer* to hold that the incompatible intent requirements contained in the statutory offenses of assault with intent to murder, MCL 750.83 (requiring an intent "to commit the crime of murder"), and felonious assault, MCL 750.82(1) (applying when an assault is committed "without intending to commit murder"), indicate the Legislature's intent to prohibit

11

punishment when a defendant commits assaultive conduct that constitutes AWIGBH and another form of statutory assault.[46] And, in this case, felonious assault constitutes "any other violation of law" arising out of the same conduct as that which led to defendant's AWIGBH conviction.[47]

Indeed, it appears obvious that MCL 750.84(3) was specifically designed to inform the judiciary's application of double-jeopardy principles by allowing cumulative punishments that would otherwise have been unauthorized. MCL 750.84(3) uses the phrase "arising out of the same conduct," which is language that this Court has traditionally used when conducting a double-jeopardy analysis.[48] Because "the Legislature is presumed

---

multiple punishments. Unlike in this case, neither offense in *Gardner* contains a "textual indication[] to the contrary," *Wafer*, 509 Mich at 42, like that found in MCL 750.84(3).

[46] See *Miller*, 498 Mich at 24, explaining that MCL 257.625(7)(d), which states that "[t]his subsection does not prohibit a person from being charged with, convicted of, or punished for a violation of subsection (4) or (5) that is committed by the person while violating this subsection," sets forth a "specific authorization for multiple punishments . . . ." See also *People v Shipley*, 256 Mich App 367, 378; 662 NW2d 856 (2003), interpreting the first-degree home-invasion statute, MCL 750.110a(9), which provides that the "[i]mposition of a penalty under this section does not bar imposition of a penalty under any other applicable law," to hold that "[b]y its plain language, this statute authorizes punishment for another crime, a clear indication of legislative intent to allow multiple punishment."

[47] The Court of Appeals reached this same conclusion on remand from this Court in *People v Davis (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued November 12, 2019 (Docket No. 332081), pp 1, 4, analyzing this issue with respect to convictions for AWIGBH and aggravated domestic assault, MCL 750.81a, and holding that "MCL 750.84(3) plainly and unambiguously provides that defendant's AWIGBH conviction does not preclude a conviction of aggravated domestic assault. The only way to reach the result advocated by defendant is to ignore MCL 750.84(3), or to at least rewrite the language, 'any other violation of law' to except a conviction of aggravated domestic assault. We may not rewrite the statute in this manner."

[48] See, e.g., *People v Herron*, 464 Mich 593, 600; 628 NW2d 528 (2001) (" 'The principal thrust of double jeopardy protection by the very terms of our federal and state constitutional provision[s] is protection from repeated prosecutions for the same criminal offense arising

12

to be aware of judicial interpretations of existing law when passing legislation,"[49] it is reasonable to presume that the Legislature was cognizant when it enacted MCL 750.84(3) that the "arising out of the same conduct" language would be understood by this Court as informing our application of a double-jeopardy analysis.

Relatedly, Subsection (3) of MCL 750.84 was added via an amendment that became effective on April 1, 2013.[50] At that time, the Legislature was fully aware of the lack of intent or "negative element" language in MCL 750.82, given that it has been in place since the enactment of the felonious-assault statute in 1913.[51] "It is an elementary rule of statutory construction that laws are assumed to be enacted by the legislative body with

---

out of the same conduct.' "), quoting *People v Harding*, 443 Mich 693, 705; 506 NW2d 482 (1993) (brackets in *Herron*); see also *United States v Edwards*, 836 F3d 831, 836 (CA 7, 2016) ("The Double Jeopardy Clause permits successive punishment or prosecution of multiple offenses arising out of the same conduct only if each offense contains a unique element.")

[49] *Pulver v Dundee Cement Co*, 445 Mich 68, 75; 515 NW2d 728 (1994). Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 322 ("If a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort . . . they are to be understood according to that construction.").

[50] 2012 PA 367. This section was added after this Court adopted our current formulation of the double-jeopardy inquiry, requiring courts to look for a clear sign of legislative intent before turning to the abstract-legal-elements test, see *Smith*, 478 Mich 292, rather than our previous formulation of the double-jeopardy inquiry, which required a court to consider whether two criminal statutes prohibited conduct that was violative of the same social norm, see *People v Robideau*, 419 Mich 458, 487; 355 NW2d 592 (1984).

[51] See 1913 PA 232. As originally enacted, the statute read in relevant part: "Whoever shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be deemed guilty of a felonious assault[.]"

13

some knowledge of and regard to existing laws upon the same subject."[52]  By including the expansive phrase "any other violation of law" in MCL 750.84(3) while aware of the "without inten[t]" language in MCL 750.82(1), it is evident that the Legislature intended to allow convictions for both offenses.  The Legislature could have carved out exceptions to this broad language in MCL 750.84(3) but did not; to conclude that the Legislature did not intend multiple punishments would therefore require this Court to rewrite the language "any other violation of law" in MCL 750.84(3) to exempt a conviction for felonious assault.  Accordingly, while AWIGBH and felonious assault contain conflicting intent requirements that might otherwise indicate the Legislature's intent to prohibit multiple punishments, MCL 750.84(3) constitutes a "textual indication[] to the contrary"[53] by authorizing the multiple punishments imposed in this case.[54]  This ends our double-jeopardy inquiry, and

---

[52] *People v Buckley*, 302 Mich 12, 21; 4 NW2d 448 (1942) (quotation marks and citation omitted).  The Legislature was also presumably aware of this Court's 2007 decision in *Strawther*, 480 Mich 900, when it enacted MCL 750.84(3).  In that case, the defendant argued that his convictions for AWIGBH and felonious assault violated double-jeopardy protections, and the Court of Appeals agreed.  This Court reversed the Court of Appeals, holding: "The Court of Appeals erred in concluding that the defendant's convictions for both assault with intent to commit great bodily harm (MCL 750.84) and felonious assault (MCL 750.82) violated his double jeopardy protections.  Because the crimes have different elements, the defendant may be punished for each.  *People v Smith*, 478 Mich 292 (2007)." *Strawther*, 480 Mich at 900.  While our analysis of MCL 750.84(3) supports the outcome reached in *Strawther*, we question its reasoning in mechanically applying the abstract-legal-elements test without considering or opining on the conflicting intent requirements of the two offenses.  In any event, if the Legislature disagreed with this Court's outcome in *Strawther*, it seemingly would not have added the language of MCL 750.84(3).

[53] See *Wafer*, 509 Mich at 42.

[54] The dissent relies heavily on this Court's decision in *Wafer* to find a double-jeopardy violation, but it bears repeating that the Court in *Wafer* did not hold that convictions for all offenses with conflicting intent requirements violate double jeopardy.  The Court repeatedly emphasized that its finding of a double-jeopardy violation depended on the lack of textual indications to the contrary.  See *Wafer*, 509 Mich at 42 (noting that cumulative

14

because the Legislature's intent is clear, we need not turn to the abstract-legal-elements test.[55]

punishments were not authorized "[a]bsent other textual indications to the contrary—and there are none here"); *id.* at 49 ("Nothing in the text indicates a clear intent that the punishment for this alternate homicide offense could be imposed along with the punishment for second-degree murder."). The dissent applies *Wafer* to conclude that the "cumulative-punishment bar" is the "without intending" language found in the felonious-assault statute and that the "conflicting intent language in the felonious-assault statute remains dispositive." But the felonious-assault statute cannot be viewed in isolation. The "without intending" language in MCL 750.82 does not itself create a double-jeopardy violation but is used to "textually signal the statute's relationship" to other assaultive crimes, see *Wafer*, 509 Mich at 44. That is, *Wafer* clearly requires comparison of the relevant statutes to ascertain whether a double-jeopardy violation exists. And comparing the felonious-assault statute to the AWIGBH statute in its entirety, the Legislature has provided a "textual indication to the contrary" that it did not provide in the statutes at issue in *Wafer*, with MCL 750.84(3)'s clear authorization of multiple punishments. In short, we cannot rigidly apply *Wafer* to conclude that multiple punishments for any offenses with conflicting intent requirements automatically violate double jeopardy. Instead, *Wafer* calls for a comparison of the statutes at issue to ascertain the Legislature's intent. We conclude that the Legislature spoke clearly with MCL 750.84(3).

[55] See *Miller*, 498 Mich at 19. Even if we were to conclude that MCL 750.84(3) is not dispositive as to the Legislature's intent to authorize multiple punishments in light of the conflicting intent requirements in MCL 750.84(1)(a) and MCL 750.82(1), these considerations taken together would at most render the Legislature's intent unclear, or "a draw," in the words of the dissent, requiring this Court to proceed to apply the abstract-legal-elements test to ascertain the Legislature's intent. *Blockburger*, 284 US at 304; *Ream*, 481 Mich at 239-240. And applying that test, we would again conclude that the Legislature intended to authorize punishment for both AWIGBH and felonious assault given that MCL 750.84 and MCL 750.82 each contain an element that the other does not. Felonious assault requires the use of a dangerous weapon in the commission of the assault, MCL 750.82, and AWIGBH does not, MCL 750.84. And in order to convict a defendant of AWIGBH under MCL 750.84, the prosecution must prove that the defendant acted with the specific intent to inflict great bodily harm less than murder, while a conviction under MCL 750.82 requires only proof that the defendant intended to commit an assault. Because each statute contains an element that the other does not, punishing a defendant for both offenses would not violate either the Fifth Amendment or Const 1963, art 1, § 15. See *Strawther*; 480 Mich 900; *People v Strickland*, 293 Mich App 393, 401-402; 810 NW2d 660 (2011) (applying *Strawther* to hold that MCL 750.82 and MCL 750.84(1)(a) have distinct elements thereby permitting multiple punishments for the same act.).

15

## IV. CONCLUSION

We hold that defendant's convictions for both AWIGBH and felonious assault arising out of the same act do not violate constitutional double-jeopardy protections because the AWIGBH statute authorizes multiple punishments for the same conduct. Moreover, the Court of Appeals erred by granting defendant relief based on its holding that the verdicts are mutually exclusive. Accordingly, we reverse that part of the judgment of the Court of Appeals that addressed the mutually exclusive verdicts doctrine, and we reinstate defendant's conviction of felonious assault.

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch

16

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v                                    No. 158869

BENJAMIN KEITH McKEWEN,

       Defendant-Appellee.

_____

CLEMENT, C.J. (*dissenting*).

I respectfully dissent. Michigan's double-jeopardy jurisprudence forbids multiple punishments for the same offense when "the Legislature expresses a clear intention in the plain language of a statute to prohibit multiple punishments[.]" *People v Wafer*, 509 Mich 31, 38; 983 NW2d 315 (2022) (quotation marks and citation omitted). This case calls on us to answer whether the Legislature spoke with such clarity in enacting the assault with the intent to commit great bodily harm (AWIGBH) and felonious-assault statutes. Because the Legislature offered a clear indication by including language in the felonious-assault statute that makes conviction under the statute incompatible with a simultaneous AWIGBH conviction, defendant's dual convictions violate constitutional double-jeopardy protections. And a close reading of the disclaimer in MCL 750.84(3) does not compel a different result. Accordingly, defendant's lesser conviction for felonious assault should be vacated.

At the outset, I agree with the majority's articulation of our double-jeopardy jurisprudence. Because this case arises under the multiple-punishments strand, our duty is

to determine whether the Legislature—through the plain text of the statutory offenses—clearly conveyed its intent on whether multiple punishments for the same conduct are allowed. *Wafer*, 509 Mich at 38-39. In other words, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." *Albernaz v United States*, 450 US 333, 344; 101 S Ct 1137; 67 L Ed 2d 275 (1981). To answer that question, we must "provide a fair reading of the statutory text, in light of its context . . . ." *Wafer*, 509 Mich at 39 n 2. We must also "give effect to every word and phrase in a statute" if at all possible. *Id*. at 48. At bottom, we cannot "quarantine the text" and must instead examine it "as a whole." *People v Miller*, 498 Mich 13, 23; 869 NW2d 204 (2015).

Applying these well-established tools of statutory interpretation evinces a clear legislative intent to bar defendant's convictions for both AWIGBH and felonious assault. As the majority recognizes, these statutes contain conflicting intent language—the AWIGBH statute requires intent to commit great bodily harm, while the felonious-assault statute expressly excludes such an intent. A similar incompatibility was at play in our recent decision in *Wafer*, 509 Mich 31. In that case, we unanimously held that an individual cannot be convicted of second-degree murder and statutory involuntary manslaughter stemming from the same homicide because the offenses have dueling state-of-mind requirements. *Id*. On the one hand, second-degree murder requires that a defendant acted with malice. *Id*. at 40. On the other hand, the statutory involuntary manslaughter statute expressly excludes malice through its "*without* malice" language. *Id*., quoting MCL 750.329(1) (emphasis added). Considering this stark contrast, we concluded that "it is hard

2

to imagine a clearer sign that the Legislature did not intend to authorize cumulative punishments for these crimes." *Wafer*, 509 Mich at 42.

*Wafer* applies with full force here. The AWIGBH statute requires that the defendant commit the offense with an "intent to do great bodily harm." MCL 750.84(1)(a). Contrarily, the felonious-assault statute expressly excludes that intent through the following language: "*without* intending to commit murder or to inflict great bodily harm . . . ." MCL 750.82(1) (emphasis added). "As a purely textual matter, then, the language of the offenses is inconsistent, leading to the natural conclusion that the same person cannot be punished under both offenses for the same conduct." See *Wafer*, 509 Mich at 42. Indeed, a defendant who is guilty of assault *with* the intent to do great bodily harm less than murder cannot have simultaneously assaulted that same victim *without* intending to inflict great bodily harm less than murder. To me, it is hard to construct a clearer sign of the Legislature's intent to prohibit cumulative punishment.

Despite the foregoing, I recognize that there is a wrinkle here that was absent in *Wafer*. That wrinkle is MCL 750.84(3), housed in the AWIGBH statute. MCL 750.84(3) provides that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section." The majority relies on this provision to resolve the dueling-intents issue, declaring it to be a dispositive "textual indication[] to the contrary" that *Wafer* envisioned. See *Wafer*, 509 Mich at 42. To the majority, then, MCL 750.84(3) provides that the Legislature actually intended for multiple punishments to be permitted—regardless of the conflicting intent language found in the felonious-assault statute.

3

But a closer examination of the statutory structure shows that MCL 750.84(3) cannot bear such heavy weight. Recall that in *Wafer* the prohibition on multiple punishments did not stem from the second-degree murder offense, which has a malice element. Instead, it was the "without malice" language in the statutory involuntary manslaughter statute that posed the double-jeopardy obstacle.[1] Those same circumstances exist here. The cumulative-punishment bar is *not* the language found in the AWIGBH statute. The bar is the "without intending" language found in the felonious-assault statute that directly contradicts AWIGBH's intent element. See *People v Davis*, 509 Mich 868, 869 (2022) (CLEMENT, J., dissenting) ("Similarly, in this case a conclusion that the same criminal act cannot sustain a conviction for both AWIGBH and aggravated domestic violence does not depend on anything in the AWIGBH statute, but rather language in the domestic violence statute that is incompatible with that conviction."). This distinction matters because the text of MCL 750.84(3) provides only that *this* section—meaning the AWIGBH statute—does not prohibit cumulative punishment; but under these facts, it is the incompatible language of a *different* section—i.e., the felonious-assault statute—that prohibits defendant's cumulative punishment. So although MCL 750.84(3) certainly

---

[1] See, e.g., *Wafer*, 509 Mich at 48 ("Although the malice requirement in the second-degree murder statute is an element of the offense, while the absence of malice in the involuntary manslaughter statute is not an element of that offense, *the use of inconsistent terms in the latter statute clearly indicates the Legislature's intent* to prevent the prosecution from obtaining convictions and sentences for both with regard to the same conduct.") (emphasis added); see also *id*. at 34 ("By contrast, the Legislature crafted the involuntary manslaughter statute to encompass certain conduct that occurred 'without malice.' MCL 750.329(1). *By including this language, the Legislature provided a clear indication* that it sought to prevent an individual from receiving punishments for both of these offenses in relation to a single homicide.") (emphasis added).

permits multiple punishments in some cases, it does not do so in this case. Thus, the conflicting intent language in the felonious-assault statute remains dispositive.

Because MCL 750.84(3) does not speak to this case, concluding that the Legislature did not intend multiple punishments here would not "require this Court to rewrite the language 'any other violation of law' in MCL 750.84(3) to exempt a conviction for felonious assault" as the majority contends. Under the interpretation set forth above, MCL 750.84(3) retains its value by allowing a conviction for both AWIGBH and another offense—so long as that other offense does not contradict the AWIGBH statute. And the "without intending" language in MCL 750.82(1) similarly retains its value by specifically barring dual convictions for both felonious assault and AWIGBH. This reading renders the provisions "compatible, not contradictory," in the present context, Scalia & Garner, *Reading Law*: *The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 180, while also "avoid[ing] an interpretation that would render any part of the statute surplusage or nugatory," *Miller*, 498 Mich at 25 (quotation marks and citation omitted).

In fact, it is the majority's conclusion that multiple punishments are permitted in these circumstances that requires judicial redlining of statutory text. As we recognized in *Wafer*, negative language like the "without intending" language in MCL 750.82(1) "would be nugatory if it failed to prevent double punishments." *Wafer*, 509 Mich at 48. We explained that such negative language is neither an element nor a penalty, so "for the language to have any effect, it must prevent cumulative punishments." *Id*. The same is true here. The "without intending" language in the felonious-assault statute is neither an element nor a penalty. So it must mean something else. But if "without intending" did not bar cumulative punishments when a defendant is charged with both AWIGBH and

5

felonious assault for the same conduct, the phrase would mean nothing.[2] "Because we strive, when possible, to give effect to every word and phrase in a statute," *id*., I am concerned that the majority's interpretation drains the meaning of legislatively enacted text—an outcome that we expressly rejected in both *Wafer*, *id*., and *Miller*, 498 Mich at 25.[3]

---

[2] The majority reasons that the " 'without intending' language in MCL 750.82 does not itself create a double-jeopardy violation but is used to 'textually signal the statute's relationship' to other assaultive crimes, see *Wafer*, 509 Mich at 44." I agree that this language provides a textual signal when compared with other assaultive crimes. But such a comparative analysis only reaffirms the multiple-punishments issue here.

For instance, in reviewing the assaultive crimes in Chapter 11 of the Michigan Penal Code it becomes obvious that the Legislature carefully crafted a continuum for maximum penalties based on the state of mind of the defendant. See MCL 750.81 to MCL 750.90h. This continuum ranges from 93 days in jail for simple assault and battery, MCL 750.81, to life in prison for assault with the intent to murder (AWIM), MCL 750.83. Felonious assault and AWIGBH fall somewhere in the middle, coming in at a maximum of 4 years and 10 years, respectively. MCL 750.82(1); MCL 750.84(1). Against that backdrop, it is doubtful that the Legislature intended to upset this continuum by permitting punishment for both felonious assault and AWIGBH—distinct crimes with distinct penalties—based on the same conduct. Rather, "the Legislature created a specific offense that provides the prosecution with an alternative punishment that can be imposed" for certain assaultive conduct even when the prosecution fails to prove the intent necessary for AWIGBH or AWIM. See *Wafer*, 509 Mich at 49. This interpretation further tracks both the text and structure of the operative statutes while also retaining the assaultive-conduct punishment scheme that the Legislature enacted.

[3] The majority adds that "[b]y including the expansive phrase 'any other violation of law' in MCL 750.84(3) while aware of the 'without inten[t]' language in MCL 750.82(1), it is evident that the Legislature intended to allow convictions for both offenses." I find this reasoning unconvincing. Although it is true that the "without intending" language was part of MCL 750.82(1) when the Legislature amended MCL 750.84 by adding Subsection (3), see 2012 PA 367, it is also true that the Legislature declined to remove the more specific "without intending" language in MCL 750.82(1) when it added MCL 750.84(3). In other words, the Legislature kept the language that bars cumulative punishments under both MCL 750.82(1) and MCL 750.84(1)(a). Thus, the statutory history is at least a draw and at most provides more evidence that MCL 750.84(3) is inapplicable where, as here, a defendant is convicted of AWIGBH and an offense with contradictory intent language.

In sum, a close reading of the operative statutes and our multiple-punishments cases reveals that the Legislature has " 'clearly indicate[d] its intent' " to prohibit defendant's cumulative punishments. See *Wafer*, 509 Mich at 39 (citation omitted). The intent language in the felonious-assault statute clashes with the intent element of AWIGBH. And the disclaimer in the AWIGBH section does not resolve this irreconcilability. Concluding as much not only properly parses the statutory text, but it also avoids nullifying the "without intending" language in the felonious-assault statute. Considering this clear intent, we need not resort to the abstract-legal-elements test. Defendant's lesser conviction for felonious assault should therefore be set aside,[4] so I respectfully dissent from the Court's holding to the contrary.

Elizabeth T. Clement
Kyra H. Bolden

---

[4] See *People v Herron*, 464 Mich 593, 609; 628 NW2d 528 (2001) (providing that "it is an appropriate remedy in a multiple punishment double jeopardy violation to affirm the conviction of the higher charge and to vacate the lower conviction").

7